IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICKI J., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:24-cv-619-BL-JTA |
| | )   (WO) |
| FRANK BISIGNANO,[1] Commissioner | ) |
| of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Nicki J. brings this action to review a final

decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The

Commissioner denied Plaintiff's applications for Supplemental Security Income ("SSI")

and claim for a period of disability and Disability Insurance Benefits ("DIB"). The

undersigned construes Plaintiff's brief in support of her Complaint (Doc. No. 19) as a

motion for summary judgment and the Commissioner's brief in opposition to the

Complaint as a motion for summary judgment (Doc. No. 20).[3]

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

[3] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. No. 16.)

After scrutiny of the record and the motions submitted by the parties, the undersigned recommends Plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the decision of the Commissioner be affirmed.

## I.    PROCEDURAL BACKGROUND AND FACTS[4]

Plaintiff is an adult female[5] with a high school education and past relevant work as a hospital cleaner and nurse assistant. (R. 32, 236, 240.) She alleged a disability onset date of June 3, 2021, due to rheumatoid arthritis, lupus, and anxiety. (R. 236, 239.)

In September 2021, Plaintiff protectively filed applications for SSI under Title XVI and DIB under Title II of the Social Security Act. (R. 245.) Her claim was denied initially and upon reconsideration. Following an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. (R. 7–34.) The hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

On October 2, 2024, Plaintiff filed this civil action for judicial review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. This matter is ripe for review.

---

[4] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 14.)

[5] Plaintiff was 36 years old on her alleged onset date. (R. 32, 236.)

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g).[6] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("In Social Security appeals, we must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004))). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. The court "will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).[7] However, the court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." (quotation and brackets omitted)).

---

[6] Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[7] The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB and SSI must prove that she is disabled.[8] *See* 20 C.F.R. §§ 404.1505, 416.920(a)(4). The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. The ALJ must determine (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment or combination of impairments; (3) whether the severe impairment meets or exceeds an impairment in the Listings of Impairments; (4) whether the Plaintiff can perform her past relevant work despite the impairment; and (5) whether Plaintiff can perform other jobs that exist in the national economy[9] given her residual functional capacity ("RFC"), age, education, and work experience. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101–02 (11th Cir. 2021).[10] Plaintiff has the burden of proof on the first four steps and the Commissioner

---

[8] Although DIB and SSI are separate programs, the standards for determining disability are identical. *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

[9] To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

[10] *Simon* was superseded on other grounds by 2017 regulations abrogating the treating physician rule. *See Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 894 (11th Cir. 2022).

carries the burden on the fifth step. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020). If the Commissioner carries the burden at the fifth step, the burden shifts back to Plaintiff to prove she is unable to perform the jobs suggested. *Id.*

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff met the insured status requirements of the Social Security Act, but had not engaged in substantial gainful activity since June 3, 2021. (R. 25.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: inflammatory arthritis, depression, anxiety, spine disorder, and obesity. (R. 25.) The ALJ also determined Plaintiff had the non-severe impairments of diabetes and restrictive airway disease. (R. 26.)

The ALJ concluded Plaintiff's combination of impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 26.) The ALJ also concluded Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[11] with certain restrictions:

> [Plaintiff] can understand, remember, apply, and carry out simple tasks and detailed but uninvolved tasks and can persist at that level of complexity for eight hours a day for five days a week consistently; frequently climb ramps and stairs, balance, stoop, and kneel; frequently finger; occasionally crouch

---

[11] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

and crawl; never climb ladder[s], ropes, or scaffolds; avoid concentrated exposure to extreme cold and pulmonary irritants; avoid all exposure to hazards like machinery and unprotected heights.

(R. 28.)

Based upon the testimony of a VE, the ALJ determined Plaintiff is unable to perform any past relevant work; yet an individual with Plaintiff's age, education, work experience, and RFC could work as an information clerk, counter clerk, or garment folder. (R. 32–33.)[12] The ALJ found that based upon Plaintiff's age, education, work experience and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy. (R. 33.) Based on the foregoing, the ALJ concluded Plaintiff had not been disabled from the alleged onset date through the date of the hearing decision and thus was not disabled under the Social Security Act. (R. 32–33.)

## V.    DISCUSSION

Plaintiff raises two issues in this appeal. First, Plaintiff argues the Commissioner erred as a matter of law in the RFC by failing to account for a limitation in adapting and

---

[12] The ALJ posed the following hypothetical to the VE:

> [A]ssume that this individual is limited to a light exertional level with the additional limitations of can understand, remember, apply, and carry[ ]out simple tasks and detailed but uninvolved tasks, and can persist at that level of complexity for eight hours a day, five days a week consistently; changes in the work setting should be gradual and infrequent; no more than frequently climbing ramps and stairs, balancing, stooping, kneeling, fingering with the bilateral upper extremities; occasionally crouching, crawling; never climbing ladders, ropers, or scaffolds; avoiding concentrated exposure to extreme cold and pulmonary irritants; avoiding all exposure to hazards like machinery and unprotected heights. With those limitations, can the hypothetical individual perform any of the past work . . . [or] [i]s there any work available in the national economy?

(R. 59–60.)

6

managing oneself. (Doc. No. 19 at 6.) Second, Plaintiff argues the Commissioner erred as a matter of law by failing to evaluate Plaintiff's hearing testimony. (*Id*.) The undersigned addresses each argument in turn.

A.  Limitation to Adapting and Managing Oneself

Plaintiff argues the ALJ erred as a matter of law by crafting an RFC that did not account for her limitation in adapting and managing herself. (Doc. No. 19 at 8.) Plaintiff contends this was an error because the ALJ found she has a moderate limitation in adapting and managing herself and found two state agency opinions persuasive that opined she should be limited to gradual and infrequent changes in the work setting. (*Id*. at 10.) The Commissioner responds that even if such error occurred, it was harmless error because the ALJ accounted for that limitation in his hypothetical to the VE. (Doc. No. 20 at 6.) The undersigned agrees with the Commissioner.

An error is harmless when it does not affect the ALJ's ultimate decision. *See Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020) ("A harmless error—that is, one that does not affect the ALJ's ultimate decision—does not constitute a ground for dismissal.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). Plaintiff acknowledges that a limitation to gradual and infrequent changes in the work setting relates to the adapting and managing limitation. (Doc. No. 19 at 10.) Although the ALJ did not include the adapting and managing limitation in the RFC, he did include a limitation to gradual and infrequent changes in the work setting in his hypothetical to the VE. (R. 59.) The VE testified that a claimant with such a limitation could find a job in the national economy as an information clerk, counter clerk, and garment folder. (R. 60.) The ALJ relied on this

testimony in concluding Plaintiff could perform jobs within the national economy. (R. 33.) Because the hypothetical posed to the VE included a limitation to gradual and infrequent changes in the work setting, the ALJ's omission of the adapting and managing limitation from Plaintiff's RFC does not affect the ALJ's ultimate conclusion that Plaintiff could perform jobs in the national economy. Thus, even if the ALJ erred, such an error was harmless and does not warrant remand. *See Sarli*, 817 F. App'x at 917; *Amber H. v. Dudek*, No. 2:24-cv-115-JTA, 2025 WL 777710, at *5 (M.D. Ala. Mar. 11, 2025) (holding an error in the RFC was harmless when it did not affect the ALJ's ultimate decision there were a significant number of jobs in the national economy the plaintiff could perform).

B.  Evaluation of Hearing Testimony

Plaintiff further argues the ALJ erred as a matter of law by failing to consider Plaintiff's sworn hearing testimony when making his credibility determination. (Doc. No. 19 at 11.) Plaintiff contends the ALJ only evaluated Plaintiff's function reports. (*Id*. at 14.) The Commissioner responds the ALJ reasonably considered all of Plaintiff's subjective allegations, and even if he had not considered Plaintiff's hearing testimony, the function reports cited by the ALJ mirror Plaintiff's hearing testimony. (Doc. No. 20 at 6, 8.) Again, the undersigned agrees with the Commissioner.

"Where 'proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor to the [Commissioner's] decision, the ALJ must either explicitly discredit such testimony or the implication from the ALJ's opinion must be so clear as to amount to a specific credibility finding.'" *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024) (brackets in original omitted) (quoting *Foote v.*

*Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam)). An adequate credibility finding "need not cite particular phrases or formulations[,]" but "broad findings that a claimant lacked credibility and could return to her past work alone are not enough to enable us to conclude that the ALJ considered her medical condition as a whole." *Foote*, 67 F.3d at 1562 (quotation and brackets omitted). An explicit lack of a credibility finding may be grounds for remand if credibility is critical to the outcome of the case and the error shows unfairness or clear prejudice. *Raper*, 89 F.4th at 1277. But, a clearly articulated credibility finding will not be disturbed if it is supported by substantial evidence. *Id.*; *see also Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("[the Court] will not disturb a clearly articulated credibility finding supported by substantial evidence"); *Foote*, 67 F.3d at 1562 (same). Additionally, there is "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." *Mitchell*, 771 F.3d at 782 (quotation and brackets omitted).

> Here, the ALJ summarized Plaintiff's subjective symptoms as follows:

> The claimant completed two Function Reports (Exhibit 4E and 9E). The claimant reports both mental and physical limitations. Physically the claimant complained of pain all over and stated she is no longer able to use her hands, lift, walk, and move her arms and shoulders like she could in the past. The claimant also states that she needs help in doing most things around the house including personal care. As to mental limitations[,] the claimant reported brain fog, forgetfulness, mood swings, and anxiety. The claimant's husband completed a Third Party Function Report on November 3, 2021 which is consistent with the claimant's function report (3E). The symptoms the claimant complains of align with the symptoms she reports to her medical

9

providers, although the functional reports appear to describe more severe symptoms.

(R. 28.) The ALJ then made an explicit credibility finding and determined Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[,]" but her statements concerning "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (R. 28.)[13]

Plaintiff argues, despite the ALJ's credibility determination, the ALJ erred as a matter of law by failing to consider her hearing testimony. (Doc. No. 19 at 15.) This argument lacks merit. First, it is unclear whether the ALJ was referring to only the function reports when summarizing Plaintiff's subjective symptoms. Although the ALJ cited the function reports in the first sentence, he did not provide citations after the summary of Plaintiff's symptoms. Plaintiff's hearing testimony also concerned her inability "to use her hands, lift, walk, and move her arms and shoulders like she could in the past." (R. 28, 49–51.) Because there is significant overlap between Plaintiff's hearing testimony and the function reports, the ALJ may have been summarizing both Plaintiff's hearing testimony and her function report.

Second, even if the ALJ only referenced Plaintiff's function reports, error did not occur because there is no requirement the ALJ must *reference* specific hearing testimony in his opinion. Rather, an ALJ must *consider* a claimant's statements concerning subjective

---

[13] Plaintiff does not argue the ALJ's credibility determination is not supported by substantial evidence. (*See* Doc. No. 19.)

symptoms. 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[i]n determining whether you are disabled, we consider all your symptoms, including pain"); *Foote*, 67 F.3d at 1560 (the ALJ "must consider a claimant's subjective testimony if she finds evidence of an underlying medical condition"); *Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 804 (11th Cir. 2017) (when making a credibility determination "the ALJ considers all of the record, including the objective medical evidence, the claimant's history, and statements by the claimant and her doctors"). Then, if there is evidence of a medical condition that could reasonably be expected to cause such symptoms, the ALJ must make an explicit credibility determination. *Raper*, 89 F.4th at 1277; *Foote*, 67 F.3d at 1561–62. That is exactly what the ALJ did here. He considered and summarized Plaintiff's subjective symptoms, then made an explicit credibility determination. (R. 28.) The ALJ explained his credibility determination, referencing medical records, objective medical imaging, physical examinations, prescribed medications, medical opinions, and prior administrative medical findings. (R. 28–32.) Accordingly, the ALJ's decision is not a broad rejection of Plaintiff's subjective complaints but rather shows the ALJ considered Plaintiff's medical condition as a whole. *See Mitchell*, 771 F.3d at 782; *Raper*, 89 F.4th at 1278–79 (affirming denial of benefits when "the ALJ considered [the plaintiff's] subjective complaints with the record as a whole and adequately explained his decision not to fully credit [the plaintiff's] alleged limitations on his ability to work").

Additionally, the ALJ's failure to specifically cite Plaintiff's hearing testimony is not an error because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Mitchell*, 771 F.3d at 782 (quotation omitted). The

ALJ stated he "considered all symptoms" in accordance with the requirements of 20 C.F.R. §§ 404.1529, 416.929 and SSR 16-3p. (R. 28.) This statement, combined with the summary of Plaintiff's symptoms, is sufficient to show the ALJ considered Plaintiff's subjective statements. *See Nance-Goble v. Saul*, No. 4:20-cv-00369-CLM, 2021 WL 2401178, at *4 (N.D. Ala. June 11, 2021) (finding no reversible error when an ALJ did not specifically cite to the plaintiff's hearing testimony because "there is no rigid requirement the ALJ specifically refer to every piece of evidence" and the ALJ stated he had considered all of the plaintiff's symptoms in accordance with the regulations (internal quotations omitted)); *Robinson v. Comm'r of Soc. Sec.*, 649 F. App'x 799, 802 (11th Cir. 2016) (finding an ALJ adequately considered the plaintiff's statements concerning his medication side effects because "the ALJ stated that she had considered *all* of [the plaintiff's] symptoms based on the requirements of 20 C.F.R. § 404.1529" (emphasis in original)).

Plaintiff argues "[t]he law holds that the ALJ must articulate explicit and adequate reasons for not crediting the *sworn hearing testimony*." (Doc. No. 19 at 15 (emphasis in original)). To support her argument, Plaintiff cites the Eleventh Circuit's decision in *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). *Hale* does not stand for that proposition. In *Hale*, the ALJ and Appeals Council "found that there were no medical signs and findings showing the existence of an anatomical or physiological impairment which could reasonably be expected to produce [the claimant's] pain." *Hale*, 831 F.2d at 1011. The Eleventh Circuit reversed and remanded the case because the ALJ's finding was not supported by substantial evidence. *Id*. at 1012. The Circuit did not differentiate between sworn hearing testimony and subjective pain statements in a function report, nor did it

12

require an ALJ to cite specific testimony from the hearing. Rather, *Hale* reaffirmed that an ALJ needs to articulate explicit and adequate reasons for not crediting subjective pain testimony that is supported by objective medical evidence. *Id*. at 1011 ("If the [ALJ] refuses to credit [subjective pain testimony that is supported by objective medical evidence], he must articulate explicit and adequate reasons." (citations omitted)). Plaintiff's reliance on *Hale* is misplaced. Therefore, as discussed above, the ALJ adequately provided explicit and adequate reasons for not crediting Plaintiff's subjective statements.

Finally, even if it were error for the ALJ not to cite Plaintiff's hearing testimony, remand would not be appropriate because Plaintiff has failed to show unfairness or clear prejudice. *Raper*, 89 F.4th at 1277 ("remand is unwarranted unless an error shows unfairness or clear prejudice" (citations omitted)). Plaintiff argues she was prejudiced because the testimony provided detailed statements about her symptoms and functional limitations. (Doc. No. 19 at 16.) The undersigned is not persuaded. The ALJ specifically cited Plaintiff's function reports before his credibility determination. (R. 28.) As mentioned above, Plaintiff's hearing testimony substantially mirrors her function reports. For example, Plaintiff testified she has problems in her hands, elbows, shoulders, feet, and knees. (R. 49–52.) According to Plaintiff's hearing testimony, these issues make it hard for her to grip items, raise her arms, walk, or bend. (*Id*.) In her function reports, Plaintiff similarly reports issues with her hands, arms, shoulders, elbows, knees, feet, neck, and back. (R. 255, 258, 276.) Plaintiff reports these issues affect her ability to use her hands,

lift, walk, move her arms and shoulders, sit, stand, kneel, and reach. (R. 255, 259, 276.)[14]

Because the function reports contain substantially similar subjective symptoms as Plaintiff's hearing testimony, Plaintiff has not met her burden to show clear prejudice or unfairness. *See Donnie T. v. Bisignano*, No. 2:24-cv-229-JTA, 2025 WL 2655447, at *6 (M.D. Ala. Sept. 16, 2025) ("It is Plaintiff's burden to show prejudice." (citing *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 154–55 (11th Cir. 2021))); *Titus v. O'Malley*, No. 21-cv-60199-SMITH/VALLE, 2024 WL 5483386, at *12 (S.D. Fla. July 30, 2024) (stating "remand is unwarranted unless an error shows 'unfairness' or 'clear prejudice'" and holding the ALJ properly considered the plaintiff's subjective statements because any error would be harmless) (quoting *Raper*, 89 F.4th at 1277), *report and recommendation adopted sub nom. Titus v. King*, No. 21-60199-CIV-SMITH, 2025 WL 894601 (S.D. Fla. Mar. 24, 2025).

The undersigned finds no reversible error.

### VI.   CONCLUSION

For the reasons stated, the undersigned concludes the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, the undersigned RECOMMENDS as follows:

---

[14] Plaintiff testified she experiences pain, frequent urination, and painful bowel movements due to endometriosis. (R. 55.) This was not included in either function report. (*See* R. 254–62, 276–83.) But Plaintiff did not allege disability due to endometriosis, nor provide any citation to medical records that show a diagnosis of endometriosis or other medical condition that could reasonably be expected to cause these symptoms. It is Plaintiff's burden to prove she is disabled. *See Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (stating the claimant has "the burden of proving she is disabled[,]" and thus "must introduce evidence supporting her claim that her symptoms . . . make her unable to work" (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)).

1. Plaintiff's motion for summary judgment (Doc. No. 19) be DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 20) be GRANTED.

3. The decision of the Commissioner be AFFIRMED.

It is further ORDERED that, on or before **March 23, 2026,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of March, 2026.

_____

JERUSHA T. ADAMS

UNITED STATES MAGISTRATE JUDGE

15