IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| NICKI JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-619-BL-JTA |
| | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | | |
| | | |
| Defendant. | | |

## **ORDER**

On March 9, 2026, the Magistrate Judge recommended that the court affirm the decision of the Commissioner of Social Security denying benefits to the Plaintiff. (Doc. 24). The Plaintiff filed objections, (doc. 25), and the Commissioner responded, (doc. 26).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to

"make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give fresh consideration to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

Specifically, the Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not commit reversible error by failing to address Plaintiff's hearing testimony in his credibility determination. (Doc. 25 at 2).[1] The Plaintiff argues that the Magistrate Judge's finding that it is unclear whether the ALJ was referring only to the Plaintiff's function reports because the ALJ "did not provide citations after the summary of Plaintiff's symptoms" is an "impermissible post-hoc rationalization." (Doc. 25 at 3-4). The Plaintiff asserts that the ALJ's citation to the Plaintiff's function reports in Exhibits 4E and 9E forecloses "any inference that [the ALJ] considered the hearing testimony." (Doc. 25 at 4).

Even if the ALJ referenced only Plaintiff's function reports when describing her subjective symptoms, the court agrees with the Magistrate Judge that the ALJ did not err "because there is no requirement that the ALJ must reference specific

---

[1] The Plaintiff did not object to the Magistrate Judge's findings on the first issue regarding the Plaintiff's RFC. On that issue, the Magistrate Judge concluded that "[b]ecause the hypothetical posed to the VE included a limitation to gradual and infrequent changes in the work setting, the ALJ's omission of the adapting and managing limitation from Plaintiff's RFC does not affect the ALJ's ultimate conclusion that Plaintiff could perform jobs in the national economy." (Doc. 24 at 8). The court agrees with the Magistrate Judge's findings on this issue.

2

hearing testimony in his opinion." (Doc. 24 at 10). "The ALJ is not required to examine every piece of evidence in his opinion, so long as the decision does not broadly reject the claimant's case and is sufficient for a reviewing court 'to conclude that the ALJ considered the claimant's medical condition as a whole.'" *Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 804 (11th Cir. 2017) (quoting *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2017)). The ALJ "need not cite particular phrases or formulations" when assessing a Plaintiff's symptoms so long as the reviewing court can be satisfied that the ALJ assessed the Plaintiff's full medical condition. *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019) (internal quotation marks and citation omitted). "The ALJ must only discuss enough evidence to demonstrate that [he] considered the claimant's condition as a whole." *Thomas v. Comm'r of Soc. Sec.*, 497 F. App'x 916, 918–19 (11th Cir. 2012).

Here, the ALJ found that the claimant suffered from severe impairments of inflammatory arthritis, depression, anxiety, spine disorder, and obesity. (Doc. 14-2 at 26). The ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be expected as consistent with the medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." (Doc. 14-2 at 29); *see Nance-Goble v. Saul*, No. 4:20-cv-00369-CLM, 2021 WL 2401178, at *3–5 (N.D. Ala. June 11, 2021) (finding the ALJ

did not specifically mention the claimant's relevant hearing testimony but stated he considered "all [her] symptoms" based upon §§ 404.1529, 416.929, and thus, did not improperly omit reference to the claimant's testimony). The ALJ acknowledged that the Plaintiff "complained of pain all over and stated that she is no longer able to use her hands, lift, walk, and move her arms and shoulders like she could in the past." Doc. 14-2 at 29). As the Magistrate Judge noted, the ALJ "explained his credibility determination, referencing medical records, objective medical imaging, physical examinations, prescribed medications, medical opinions, and prior administrative medical findings." (Doc. 24 at 11 (citing Doc. 14-2 at 29-33)). The court agrees with the Magistrate Judge that "the ALJ's decision is not a broad rejection of Platiniff's subjective complaints but rather shows the ALJ considered Plaintiff's medical condition as a whole." (Doc. 24 at 11). Thus, the court **OVERRULES** the Plaintiff's objections on this issue.

The Plaintiff's also objects to the ALJ's finding that even if the ALJ erred in not citing the hearing testimony, that error was harmless. (Doc. 25 at 6). The Plaintiff argues that the "Magistrate Judge's harmless error conclusion rests entirely on the premise that Plaintiff's hearing testimony was 'substantially similar' to the function reports in Exhibits 4E and 9E." (Doc. 25 at 6). The Plaintiff asserts that a "thorough, side-by-side analysis" of those exhibits "reveals at least six discrete categories of functional limitation that were present in Plaintiff's sworn testimony

4

but absent—or materially more severe than—anything recorded in either function report." (Doc. 25 at 6). The court is unpersuaded.

The Plaintiff's statement in her function report that she could not sit "to[o] long" is substantially like her testimony that she could not "sit for [a] long period of time" and can sit only for "ten to 15 minutes" at a time. (Doc. 14-2 at 50, 57; Doc. 14-6 at 42, 44). Her testimony that she could stand and walk for "five to ten minutes" is less restrictive than her statements in her function reports that she could walk a "few steps", "10 steps," or "5 feet" before she had to rest for 30 minutes or "hours" and that she could not stand "long" and for only "5 mins." (Doc. 14-2 at 57; Doc. 14-6 at 25, 44, 47). The Plaintiff's testimony that she could not straighten her arms and "can't bend [her elbows' out straight sometimes from the inflammation" is similar to her statements in her function reports that she could not move her arms and shoulders and had issues reaching. (Doc. 14-2 at 51; Doc. 14-6 at 21, 25, 47). Her testimony that she had issues with manipulation because she could not form a fist relates to her statements in her function reports that she could not use her hands, could not turn a steering wheel, and had a hard time picking up and handling things. (Doc. 14-2 at 52; Doc. 14-6 at 21, 22, 24, 45). Moreover, the Plaintiff testified that her heart issues caused shortness of breath and fatigue, and she reported in her functional report shortness of breath and fatigue from her "heart valve leaking." (Doc. 14-2 at 55; Doc. 14-6 at 42, 44). A fair reading of the record and the ALJ's

decision shows that the ALJ considered all these subjective symptoms when assessing the Plaintiff's RFC.

Regarding the Plaintiff's testimony at the hearing about her endometriosis symptoms, the Magistrate Judge stated:

> Plaintiff testified she experiences pain, frequent urination, and painful bowel movements due to endometriosis. (R. 55). This was not included in either function report. (See R. 254-62, 276-83). But Plaintiff did not allege disability due to endometriosis, nor provide any citation to medical records that show a diagnosis of endometriosis or other medical condition that could reasonably be expected to cause these symptoms. It is Plaintiff's duty to prove she is disabled.

Doc. 24 at 14, fn 14). The Plaintiff argues that the Magistrate Judge's requirement for the Plaintiff to have alleged disability based on endometriosis or to provide medical records confirming a diagnosis of endometriosis or some other medical condition that could cause these symptoms "inverts the applicable legal standard" that the ALJ must consider all the Plaintiff's subjective symptoms under SSR 16-3p. (Doc. 25 at 10). The court disagrees. Without evidence in the record that endometriosis was a medically determinable impairment, the ALJ would not find that symptoms allegedly caused by endometriosis affected her ability to work. See 20 C.F.R. § 404.1529(b) (stating a Plaintiff's symptoms "will not be found to affect [the Plaintiff's] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present"). The Plaintiff cited no medical records showing a diagnosis of endometriosis or

6

complaints to any medical providers regarding her endometriosis symptoms, and the court can find none. Moreover, the Plaintiff does not object to the ALJ's failure to mention endometriosis as a medically determinable impairment at Step Two in the sequential process. Thus, the ALJ's failure to mention a symptom allegedly caused by a condition for which the Plaintiff provided no medical records to show it was a medically determinable impairment was at worse harmless error.

After a thorough review of the Plaintiff's medical record, the court finds that the ALJ properly considered the Plaintiff's symptoms, and substantial evidence in the record supports the ALJ's finding that the Plaintiff could perform light work with additional limitations as set out in the Plaintiff's RFC. A June 2022 x-ray showed normal SI joints. (Doc. 14-7 at 31). Dr. Sasikumar Vishwanath's physical consultative examination of the Plaintiff in February 2022, to which the ALJ cited, showed that the Plaintiff had no chest pain or palpitations; normal strength and sensation in her upper and lower extremities; 5/5 grip strength; normal finger dexterity; no swelling, tenderness, or nodules in her elbows; 5/5 muscle strength; and no swelling or tenderness in her knees and shoulders. (Doc. 14-7 at 135-39). The ALJ's RFC finding, (doc. 14-2 at 29), almost mirrors Dr. Gloria Sellman's April 2023 physical residual functional capacity assessment based on a thorough review of the Plaintiff's medical records, (doc. 14-3 at 27-29). Dr. Sellman opined that the Plaintiff could perform light work; had no reaching or gross manipulation

7

limitations; frequently could finger with both hands; frequently could climb ramps and stairs, balance, stoop, and kneel; never could climb ladders, ropes, or scaffolds; and occasionally could crouch and crawl, (doc. 14-3 at 27-29).

The court is mindful that it should "affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it" and that the court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Against this backdrop, a fair reading of the ALJ's decision reveals that the ALJ considered the Plaintiff's subjective complaints and accounted for them by limiting the Plaintiff to light work with additional limitations based on substantial evidence in the record. The court **OVERRULES** the Plaintiff's objections on this issue.

After careful review of the entire file and upon consideration of the Recommendation of the Magistrate Judge, the court **OVERRULES** the Plaintiff's objections, (doc. 25), and **ADOPTS** the recommendation of the Magistrate Judge to **DENY** the Plaintiff's motion for summary judgment, (doc. 19); **GRANT** the Commissioner's motion for summary judgment, (doc. 20); and **AFFIRM** the Commissioner's decision, (doc. 24). The court **DENIES** the Plaintiff's motion for summary judgment and **GRANTS** the Commissioner's motion for summary

judgment.     The court will enter a separate final judgment affirming the Commissioner's decision.

      **DONE** and **ORDERED** on this the 31st day of March, 2026.

 

BILL LEWIS
UNITED STATES DISTRICT JUDGE